UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRI TUCKER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Case No. 25-1267-BGS

### MEMORANDUM & ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff filed this breach of contract lawsuit *pro se* in Sedgwick County District Court. (Doc. 1-1.) The state court petition was sparse, consisting of only one page. Therein, Plaintiff alleged that she and Defendant entered into a contract of "personal property/renters insurance" in 2016, that Defendant "has failed to perform [its] obligations and is in breach of contract," and that she has sustained damages as a result. (*Id.*)

Defendant removed the lawsuit to federal court on the basis of diversity jurisdiction (Doc. 1) and subsequently filed the present Motion to Dismiss (Doc. 7). The motion, which provides more factual context for the Court, argues that Plaintiff's lawsuit "is clearly untimely and barred by the terms and conditions of her policy." (*Id.*, at 7.) For the reasons set forth herein, Defendant's motion is converted into a Rule 56 Motion for Summary Judgment and **TAKEN UNDER ADVISEMENT**.[1]

---

[1] Plaintiff had twenty-one days after the Defendant's motion was served to file a response in opposition thereto. *See* D. Kan. R. 6.1(d)(1). Plaintiff failed to do so. Normally, the failure to respond to a motion leads to the motion being granted as uncontested. *See* D. Kan. R. 7.1(c). That stated, the Tenth Circuit has held that "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) (quoting *Reed v. Bennet*, 312 F.3d 1190, 1194 (10th Cir. 2002)). Rather, the Court, when faced with a motion to dismiss to which there has been no response, must "still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178. Thus, the Court must examine Plaintiff's Complaint and determine whether she has stated a claim upon which relief may be granted. *See id*; *see also Jefferson v. Moore*, No. 23-CV-03263-TC, 2025 WL 3041898, at *4 (D. Kan. Oct. 31, 2025)"

**FACTUAL BACKGROUND**

The underlying event, an alleged theft loss that resulted in Plaintiff filing a claim under her renter's policy, is alleged to have occurred on November 4, 2019. (Doc. 7-2, at 3.) The claim was denied on September 30, 2020, on the basis of concealment or fraud on the part of Plaintiff. (*Id.*) Plaintiff subsequently filed a complaint with the Kansas Department of Insurance regarding the denial on October 25, 2020. (*Id.*, at 6-8.) Plaintiff filed the present lawsuit, *pro se*, on November 24, 2025.

Defendant has submitted a certified copy of the underlying policy in effect at the time of Plaintiff's claim. (Doc. 7-1.) The policy includes the following language:

> 12. Suit Against Us
>
> No suit or action may be brought against us unless there has been full compliance with all the policy terms. <u>Any suit or action must be brought within five years after the inception of loss or damage</u>.

(*Id.*, at 11 (emphasis added).)

**LEGAL ANALYSIS**

Defendant asks the Court to dismiss Plaintiff's *pro se* lawsuit for failure to state a timely claim under Federal Rule of Civil Procedure 12(b)(6).[2] Defendant also acknowledges, however, that a 12(b)(6) motion to dismiss is converted into a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the court" so that "all parties ... [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). *See also Marble Voip Partners LLC v. Zoom Video Commun.*, 670 F. Supp. 3d 1213, 1219 (D. Kan. 2023); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

When ruling on a Rule 12(b)(6) motion to dismiss, the Court generally "may not look beyond the four corners of the complaint." *Am. Power Chassis, Inc. v. Jones*, No. 13-4134-KHV, 2017

---

[2] A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

WL 3149291, at *3 (D. Kan. July 25, 2017) (citing *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F.Supp.2d 1092, 1097 n.3 (D. Kan. 2007)). If, however, a plaintiff "does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Geer v. Cox*, 242 F.Supp.2d 1009, 1016 (D. Kan. 2003) (internal quotation marks and citation omitted); *see also Becher v. United Healthcare Services, Inc.,* 374 F. Supp. 3d 1102, 1106 (D. Kan. 2019). "Otherwise, to consider a matter outside the pleadings, the court must convert the motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 56." *Becher*, 374 F. Supp. 3d at 1106 (citing *Geer*, 242 F.Supp.2d at 1015–16 (holding that "[r]eversible error may occur ... if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.")). Simply stated, "[a]t the motion to dismiss stage, the court cannot properly consider extrinsic evidence that isn't central to a plaintiff's claim … even if the extrinsic evidence is central to the defendant's 'theories of defense.'" *Id.* (citing *Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, Nos. 08-2027-JWL, 08-2191-JWL, 2008 WL 3538968, at *3 (D. Kan. Aug. 11, 2008)).

As indicated above, there was a scarcity of factual background contained in Plaintiff's state court petition. (Doc. 1-1.) Thus, Defendant provided additional (and necessary) relevant factual context in the form of the relevant insurance policy (Doc. 7-1), Defendants' written denial of Plaintiff's claim (Doc. 7-2, at 3), and documentation "proving that the Plaintiff was well aware of [Defendant's] denial of her claim shortly after it was issued (namely, the Plaintiff's Kansas Dept. of Insurance complaint, [Doc. 7-2, at 6-8])." (Doc. 7, at 3.)

Plaintiff's state court petition references her insurance policy. (Doc. 1-1.) The petition does not, however, mention – or incorporate by reference – her theft claim. Instead, the petition simply states that Defendant "failed to perform" its duties under the policy. (*Id.*) The petition also makes

no reference to the October 2020 complaint Plaintiff filed with the Kansas Department of Insurance, upon which Defendant's motion relies. (Doc. 7, at 2.) Therefore, the Court cannot consider these documents in the context of a motion to dismiss. *McLemore v. Saline Co. Sheriff's Office*, No. 15-3202-JAR-DJW, 2017 WL 373383, *4 (D. Kan. Jan. 26, 2017). As such, the Court must convert Defendant's motion into a motion for summary judgment per Fed. R. Civ. P. 56, rather than a Rule 12 motion to dismiss. *See U.S. v. KeyPoint Gov't Sols.*, 923 F. 3d 729 (10th Cir. 2019) (citation omitted) (holding that "[w]hen a district court relies on material outside the complaint to resolve a Rule 12(b)(6) motion, it ordinarily must convert that motion 'into a motion for summary judgment.'"). *See also McLemore*, 2017 WL 373383, at *4.

When a court converts a motion to dismiss into a summary judgment motion, "it should inform the parties of this intention and give them 'the opportunity to present to the court all material made pertinent to such motion by Rule 56.'" *Id.* (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) (quoting *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir. 1978)). Converting a motion "without giving the adverse party an opportunity to present pertinent material is error." *Adams v. Campbell Cty. Sch. Dist.*, 483 F.2d 1351, 1353 (10th Cir. 1973). The present Order serves as the required notice to the parties.

## CONCLUSION

IT IS THEREFORE ORDERED BY THE COURT that because of Defendant's reliance on information outside the pleadings in this case, the Court converts Defendant's Rule 12 motion to dismiss into a Rule 56 motion for summary judgment. Defendant's motion is **TAKEN UNDER ADVISEMENT**. The parties shall each be given one more opportunity to present all material pertinent to this motion. Plaintiff may file a response, submitting any evidentiary support, by **twenty-one days from receipt of this Order**. Defendant's reply to the response is due by **fourteen days thereafter**. The Clerk is instructed to mail a copy of the "Notice to Pro Se Litigant

Who Opposes a Motion for Summary Judgment" to Plaintiff pursuant to D. Kan. Rule 56.1(d), with a copy of this Order.

    IT IS SO ORDERED.

    Dated this 14th day of January, 2026, at Wichita, Kansas.

/s/Brooks G. Severson<br>
Brooks G. Severson<br>
U.S. Magistrate Judge