UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRI TUCKER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Case No. 25-1267-BGS

**MEMORANDUM & ORDER ON PLAINTIFF'S MOTION TO RECONSIDER**

NOW BEFORE THE COURT is Plaintiff's "Motion to Reconsider Amended Complaint." (Doc. 14.) The motion is **GRANTED in part** and **DENIED** in part for the reasons set forth herein.[1]

Plaintiff filed this breach of contract lawsuit *pro se* in Sedgwick County District Court. (Doc. 1-1.) The state court petition (hereinafter referred to as "the operative pleading") was sparse, consisting of only one page. Therein, Plaintiff alleged that she and Defendant entered into a contract of "personal property/renters insurance" in 2016, that Defendant "has failed to perform [its] obligations and is in breach of contract," and that she has sustained damages as a result. (*Id.*)

The underlying event, an alleged theft loss that resulted in Plaintiff filing a claim under her renter's policy, is alleged to have occurred on November 4, 2019. (Doc. 7-2, at 3.) The claim was denied on September 30, 2020, on the basis of concealment or fraud on the part of Plaintiff. (*Id.*) Plaintiff subsequently filed a complaint with the Kansas Department of Insurance regarding the denial on October 25, 2020. (*Id.*, at 6-8.) Plaintiff's lawsuit was filed in the District Court of

---

[1] D. Kan. Rule 7.3 states that no response to a motion to reconsider is necessary unless the Court requests a response. In this instance, a response to Plaintiff's motion would not benefit the Court's analysis.

Sedgwick County, Kansas on October 8, 2025 (Doc. 1-1) and removed to federal court on November 24, 2025 (Doc. 1).

In response to the operative pleading, Defendant filed a dispositive motion.  (Doc. 7.)  Attached thereto, Defendant submitted two exhibits (Docs. 7-1, 7-2), along with the operative pleading (Doc. 7-3).  The first exhibit was a certified copy of the underlying policy in effect at the time of Plaintiff's claim.  (Doc. 7-1.)  Defendant also attached a sworn declaration from Kevin McMahon, Defendant's claims adjuster assigned to investigate Plaintiff's theft claim.  (Doc. 7-2.)  Because Defendant's motion relied on documents that were not referenced in, or attached as exhibits to, Plaintiff's Complaint, the Court was required to convert the motion from a motion to dismiss into a motion for summary judgment.  (*See* Doc. 10.)

Thereafter, Plaintiff filed a document categorized as a Motion to Amend the Complaint, but which was in fact merely a new D. Kan. form civil Complaint with no actual motion included.  (Doc. 11.)  Although no motion was attached to the submission, the Court construed this filing as a Fed. R. Civ. P. 15 motion to amend because of Plaintiff's *pro se* status and the fact that Plaintiff was required to seek the Court's leave to amend.  (*See* Doc. 12, text Order.)

The Court denied that motion because Plaintiff's proposed amended pleading (Doc. 11) contained no factual information and therefore did not comply with Fed. R. Civ. P. 8, which requires that a complaint contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested.  Fed. R. Civ. P. 8(a).  (*See* Doc. 12.)  The Court noted that Plaintiff referenced Attachments A & B in the civil Complaint form, but no such attachments were included in Plaintiff's filing.  (*Id.*)  The motion was denied as futile because Plaintiff's proposed amended pleading failed to contain any factual support and/or statement of the

claim showing she is entitled to relief.  (Doc. 12 (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) and *Foman v. Davis*, 371 U.S. 178, 182 (1962).)

Plaintiff has now filed the present Motion for Reconsideration (Doc. 14) of the Court's text Order (Doc. 12).  Plaintiff has not, however, stated a valid basis for the Court to reconsider its denial of the motion to amend.  Pursuant to D. Kan. Rule 7.3, a motion to reconsider must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  Plaintiff's motion (Doc. 14) includes no discussion of any of these factors.  As such, to the extent Plaintiff's motion seeks reconsideration of the Court's prior text Order (Doc. 12), the motion is **DENIED**.

Even so, and although the motion is somewhat confusing, the Court surmises that Plaintiff's motion also attempts to have Defendant's exhibits 7-1 and 7-2 (or what Plaintiff references as "Attachments A & B") incorporated into her operative pleading.  She describes Attachment A as the "Allstate Renters Policy" relating to "Claim #578356081."  (*Id.*, at 1-2.)  This corresponds to Defendant's Exhibit 7-1, which is the policy relating to claim number 578356081.  Plaintiff describes Attachment B as "Allstate a[s]signed a special investigating until lead by Kevin McHoln [sic] … to investigate the theft of my townhome located at 204 Indianapolis, Wichita, Kansas  67211."  (*Id.*, at 2.)  This corresponds to Defendant's Exhibit 7-2, which the sworn declaration of Defendant's claims investigator Kevin McMahon.  Per the motion, Plaintiff states that "it was a clerical error the attachments were sent in JPG format[.]  That has been corrected[.]  The Plaintiff humbly begs the Court to reconsider the Amended Complaint and Attachments A/B."  (Doc. 14, at 1.)

To the extent Plaintiff moves to have "Attachments A & B" incorporated into her operative pleading, the Court **GRANTS** this request.  The documents at issue (Doc. 7-1 and 7.2, the insurance policy at issue and the Kevin McMahon declaration, respectively) shall now be incorporated into Plaintiff's Complaint (Doc. 1-1).

3

Because Defendant's motion (Doc. 7) was previously converted into a motion for summary judgment, the Court will continue to consider it as such, even though the documents at issue are now incorporated into the operative pleading. <u>This ruling has no impact on the pending motion for summary judgment and/or Plaintiff's deadline to respond thereto.</u>  Plaintiff was previously sent, via certified mail, the notice to *pro se* litigant who opposes a motion for summary judgment pursuant to D. Kan. Rule. 56.1.  She was also advised that her deadline to respond to the Motion for Summary Judgment was 21 days from receipt of the undersigned Magistrate Judge's Order converting Defendant's Motion to Dismiss to a Motion for Summary Judgment.  (*See* Doc. 10.)  The Court has since received notice, via return receipt, the certified mailing was delivered to Plaintiff on February 4, 2026.  (Doc. 13.)

**IT IS SO ORDERED**.

Dated this 24th day of February, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge