**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TERRI TUCKER, | |
| Plaintiff, | |
| v. | Case No. 25-1267-BGS |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM & ORDER ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff filed this breach of contract lawsuit *pro se* in Sedgwick County District Court. (Doc. 1-1.) The state court petition was sparse, consisting of only one page.

Defendant removed the lawsuit to federal court on the basis of diversity jurisdiction[1] (Doc. 1) and subsequently filed a Motion to Dismiss (Doc. 7). The motion, which provides more factual context for the Court, argues that Plaintiff's lawsuit "is clearly untimely and barred by the terms and conditions of her policy." (*Id.*, at 7.) For reasons discussed in the Court's prior Memorandum &

---

[1] The Court has an independent duty to "assure itself that it has subject matter jurisdiction" over all the claims before it. *Friends of Marolt Park v. U.S. Dep't of Transp.*, 382 F.3d 1088, 1093 (10th Cir. 2004). Based on the Notice of Removal and Corporate Disclosure Statement, Defendant Allstate Insurance Company, is a "Delaware corporation with a principal place of business in Illinois," and is therefore a citizen of Delaware and Illinois for diversity purposes. (*See* Docs. 1 and 4.) As to Plaintiff, the Court directed Plaintiff to file a Rule 7.1 diversity disclosure statement, but Plaintiff failed to do so. Accordingly, the Court's citizenship analysis as to Plaintiff is based on the available record. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *LS Carlson Law, PC v. Shain*, No. 22-2070-JWL, 2022 WL 1471368, at *1 (D. Kan. May 10, 2022). The Notice of Removal alleges that "plaintiff is an individual, citizen and resident of Peabody, Kansas." (Docs. 4, 5.) This allegation is corroborated by filings from the state court proceedings, which reflect a Peabody, Kansas address for Plaintiff – the same address used for correspondence in this matter. (*See* Docs 1-1 and 6-4.) Further, the Court notes that the insurance policy issued in 2019 lists a Wichita, Kansas address for Plaintiff. (Doc. 7-1.) Based on the record before the Court, it is apparent that Plaintiff resides in Kansas. The Court acknowledges that "residency is only one of several factors the court must consider in the totality of circumstances" regarding diversity of citizenship. *Saxena v. Kunze*, 22-0573-DDD-SBP, 2023 WL 12096467 (D. Colo. Aug 16, 2023). Because Plaintiff's residency is the only relevant information in the record before the Court relating to Plaintiff's citizenship, the Court finds that, for purposes of its diversity jurisdiction analysis, Plaintiff is a citizen of Kansas.

Order (Doc. 10), the undersigned was required to convert Defendant's motion to dismiss into a motion for summary judgment. That analysis will not be repeated herein, but is instead incorporated by reference.

Having now considered Defendant's unopposed dispositive motion on its substantive merits, the Court **GRANTS** summary judgment to Defendant and dismisses Plaintiff's claims in their entirety.

## FACTUAL BACKGROUND

The underlying event, an alleged theft loss that resulted in Plaintiff filing a claim under her renter's policy, is alleged to have occurred on November 4, 2019. (Doc. 7-2, at 3.) The claim was denied on September 30, 2020, on the basis of concealment or fraud on the part of Plaintiff. (*Id.*) Plaintiff subsequently filed a complaint with the Kansas Department of Insurance regarding the denial on October 25, 2020. (*Id.*, at 6-8.)

Plaintiff filed the present lawsuit, *pro se*, on October 8, 2025. The state court petition contained little factual context. (*See* Doc. 1-1 (hereinafter "operative pleading").) Therein, Plaintiff merely alleged that she and Defendant entered into a contract of "personal property/renters insurance" in 2016, that Defendant "has failed to perform [its] obligations and is in breach of contract," and that she has sustained damages as a result. (*Id.*) The case was removed to federal court by Defendant on November 24, 2025 (Doc. 1).

In response to the operative pleading, Defendant filed a dispositive motion. (Doc. 7.) Attached thereto, Defendant submitted two exhibits (Docs. 7-1, 7-2), along with a copy of the operative pleading (Doc. 7-3). The policy includes the following language:

> 12. Suit Against Us
>
> No suit or action may be brought against us unless there has been full compliance with all the policy terms. <u>Any suit or action must be brought within five years after the inception of loss or damage</u>.

(Doc. 7-1, at 11 (emphasis added).)

Defendant also attached a sworn declaration from Kevin McMahon, Defendant's claims adjuster assigned to investigate Plaintiff's theft claim. (Doc. 7-2.)  McMahon declared that the date of Plaintiff's alleged loss was November 4, 2019.  (*Id.*, at ¶3.)  He issued a written denial of claim on September 30, 2020, which was mailed to Plaintiff that day.  (*Id.*, at ¶4 and pg. 3.)  McMahon continues that Plaintiff "not only acknowledged receipt of the coverage denial letter, but she also instituted a complaint with the Kansas Dept. of Insurance on October 15, 2020 (Case No. 85686)."  (*Id.*, at ¶5 and pg. 6-8.)

Because Defendant's motion relied on information outside the pleadings in this case, it was necessary for the Court to convert Defendant's Rule 12 motion to dismiss into a Rule 56 motion for summary judgment.  (*See* Doc. 10.)  Plaintiff received notice of this and was given 'the opportunity to present to the court all material made pertinent to such motion by Rule 56.'"  *United States ex rel. Reed v. KeyPoint Gov't Sol'ns.*, 923 F.3d 729, 753 (10th Cir. 2019) (citation omitted).  The Clerk mailed Plaintiff a copy of the "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" pursuant to D. Kan. Rule 56.1(d), with a copy of the Court's prior Order.  (*See* Doc. 10.)

Also, Plaintiff was advised that her deadline to respond to the Motion for Summary Judgment was 21 days from receipt of the undersigned Magistrate Judge's Order converting Defendant's Motion to Dismiss to a Motion for Summary Judgment. (See Doc. 10.) The Court has since received notice, via return receipt, that the certified mailing was delivered to Plaintiff on February 4, 2026. (Doc. 13.) Thus, Plaintiff's deadline to respond to the dispositive motion was February 25, 2026.  To date, no response to the dispositive motion has been filed by Plaintiff.  As discussed below, the legal effect of this is for "[a]ll material facts set forth in the [factual] statement of [Defendant] will be deemed admitted for the purpose of summary judgment … ."  D. Kan. Rule 56.1(a).

## LEGAL ANALYSIS

3

Defendant asks the Court to dismiss Plaintiff's *pro se* lawsuit for failure to state a timely claim under Federal Rule of Civil Procedure 12(b)(6).[2]  Defendant also acknowledges, however, that a 12(b)(6) motion to dismiss is converted into a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the court" so that "all parties ... [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b).  *See also Marble Voip Partners LLC v. Zoom Video Commun.*, 670 F. Supp. 3d 1213, 1219 (D. Kan. 2023); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

The underlying Magistrate Judge previously determined that Defendant's Rule 12 motion to dismiss (Doc. 7) had to be converted into a Rule 56 motion for summary judgment because it relied on information outside the pleadings in this case.  (*See* Doc. 10, at 4.)  The Court indicated that the parties would each be allowed an additional opportunity to present all material pertinent to this motion.  (*Id.*)  Plaintiff was provided with the Court's form  "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" to Plaintiff pursuant to D. Kan. Rule 56.1(d) and she was informed that she would be allowed to file a response to the dispositive motion and submit any evidentiary support within twenty-one days from receipt of the Court's Order.  (*Id.*)  As discussed above, that deadline has passed and no response or additional evidentiary support was received from Plaintiff.

Pursuant to D. Kan. Rule 7.1(c), the Court may typically grant a motion as uncontested when no response is filed thereto.  This standard does not, however, apply to a motion for summary judgment.  Rather, "it is improper to grant a motion for a summary judgment simply because it is unopposed."  *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986)).

---

[2] A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

District of Kansas Local Rule 56.1(a), however, provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." Further, "under Fed. R. Civ. P. 56(e), the Court may deem a fact undisputed where the nonmoving party fails to address it." *United States v. Davison*, 768 F.Supp.3d 1324, 1329 (D. Kan. 2025). Federal Rule 56 also allows the Court to grant summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see also Sperry v. Wildermuth*, No. 16-3222-JAR-TJJ, 2023 WL 4930275, *2 (D. Kan. Aug. 2, 2023) (citing Fed. R. Civ. P. 56(e)(3)).

Plaintiff's "*pro se* status does not excuse [her] noncompliance, especially because [Defendant] complied with D. Kan. Rule 56.1(d) and … [Plaintiff was sent] the required Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment." *Davison*, 768 F. Supp. 3d at 1329 (citing *Lynn v. Cline*, No. 19-3003-EFM, 2021 WL 2104981, at *4 (D. Kan. May 25, 2021), *aff'd sub nom. Lynn v. Kelly*, No. 21-3094, 2022 WL 1043752 (10th Cir. Apr. 7, 2022)). Therefore, pursuant to Rule 56(e)(2), the Court deems the facts presented in Defendant's summary judgment motion to be undisputed, "to the extent they are supported by the record … ." *Id.*

As indicated above, there was a scarcity of factual background contained in Plaintiff's state court petition. (Doc. 1-1.) Plaintiff's state court petition references her insurance policy. (Doc. 1-1.) The petition does not, however, mention – or incorporate by reference – her theft claim. Instead, the petition simply states that Defendant "failed to perform" its duties under the policy. (*Id.*) The petition also makes no reference to the October 2020 complaint Plaintiff filed with the Kansas Department of Insurance, upon which Defendant's motion relies. (Doc. 7, at 2.) Thus, Defendant provided additional (and necessary) relevant factual context in the form of the relevant insurance policy (Doc. 7-1), Defendants' written denial of Plaintiff's claim (Doc. 7-2, at 3), and

documentation "proving that the Plaintiff was well aware of [Defendant's] denial of her claim shortly after it was issued (namely, the Plaintiff's Kansas Dept. of Insurance complaint, [Doc. 7-2, at 6-8])." (Doc. 7, at 3.)  These facts are now deemed admitted because they have been uncontroverted by Plaintiff.  D. Kan. Rule 56.1(a) and Fed. R. Civ. P. 56(e).  *See also Davison*, 768 F.Supp.3d at 1329.

In the undisputed facts before the Court, the date of Plaintiff's claimed loss for which she seeks coverage is November 4, 2019.  Under the undisputed terms of the subject insurance policy, any suit against Allstate had to be filed within five years of that date, which sets the deadline to file suit as November 4, 2024.  Plaintiff did not file the present lawsuit for policy coverage until October 8, 2025 – almost a year beyond the deadline.  (Doc. 1-1.)  Thus, Plaintiff's lawsuit is clearly barred as untimely by the policy terms.

"Kansas courts have long recognized that parties to an insurance contract may agree to the appropriate time in which to bring an action, regardless of the applicable statute of limitations." *Ernst v. Nationwide Mutual Insurance Co.*, 2022 WL 1193886, at *3 (D. Kan. April 21, 2022). (citing *McElroy v. Cont'l Ins. Co.*, 29 P. 478, 479 (Kan. 1892)).  Further, "the Kansas Supreme Court recognized that the Kansas statute of limitations does not prevent parties from contractually restricting their limitations periods and that freedom-of-contract principles strongly favor enforcing such agreements." *Id.* (citing *Pfeifer v. Fed. Express Corp.*, 304 P.3d 1226, 1230-31 (Kan. 2013)).  Thus, the limitations period in the subject insurance policy is enforceable.[3]  *Id.* (citation omitted). Defendant's Motion (Doc. 7) is **GRANTED** and Plaintiff's lawsuit is thus **DISMISSED** as untimely.

IT IS SO ORDERED.

Dated this 11th day of March, 2026, at Wichita, Kansas.

---

[3] Pursuant to K.S.A. § 60-511, the statute of limitations for a breach of contract claim is generally 5 years for written contracts.  Thus, Plaintiff's lawsuit would also be barred by the relevant statute of limitations.

6

/s/BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge